IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–01552–WJM–MDB

R.K., by and through his Special Conservator Eric J. Kelly, M.K., and J.M.,

   Plaintiffs,

v.

 CEDAR SPRINGS HOSPITAL, INC, a Delaware corporation,

   Defendant.

---

# MINUTE ORDER

This matter is before the Court on Defendant's Unopposed Motion for Extension of Time to Provide Complete Privilege Log and Affidavit ("Extension of Time Motion") (Doc. No. 101), and the Joint Motion for Second Amended Protective Order ("Protective Order Motion") (Doc. No. 97.) These motions were filed in the context of the parties' discovery disputes and requests for clarification, set forth in the Joint Status Report (Doc. No. 99), regarding the Court's discovery orders. (Doc. No. 94.) Before addressing these motions, the Court pauses to clarify certain orders set forth in Doc. No. 94.

1. On or before **December 16, 2025**,[1] Defendant was to produce the following:

---

[1] The parties correctly note that Doc. No. 94 includes an erroneous deadline of December **11**, 2025, to disclose redacted documents over which Defendant claimed HIPAA protection. (Doc. No. 94 at 2; Doc. No. 99 at 2-3.) As the hearing transcript reflects, the December 11, 2025 deadline applied to certain *unredacted* staff and training documents. (Doc. No. 100 at 116.) These appear to have been timely disclosed. (Doc. No. 99 at 3.) Separately, the Court ordered Defendant to disclose preliminarily redacted HIPAA-implicated documents and supplement its Rule 26(a) disclosures by December **16**, 2025. (Doc. No. 100 at 130:16-23; Doc. No. 94 at 2.)

a. **All documents which Defendant identified as responsive in the initial round of preliminary discovery, but withheld on the basis of HIPAA protections.** Importantly, the Court ordered the complete and unredacted production of these documents, as well as production of the subject video footage (which is also being withheld on the basis of HIPAA protections). However, the Court *sua sponte* stayed the effect of this order to give Defendant an opportunity to lodge its forthcoming objection. In the meantime, and in an effort to move matters along, Defendant was ordered to produce the documents (not the video) in redacted form.

In the Joint Status Report, Defendant makes the following statement:

*At the hearing Plaintiffs' Counsel requested that all materials be produced redacted prior to the resolution of the Defendant's objection to the Court's discovery order. Following this request there was discussion regarding costs associated with redaction of materials that Plaintiff's Counsel ultimately seeks be produced unredacted. While Defendant's Counsel intends to object to the discovery order and is mindful of client costs, Defendant's Counsel agreed, and the Court ordered, that Defendant would limitedly produce only the redacted employee files of the staff in the Treehouse Unit on December 16, 2025 in an effort to show good faith and a desire to move forward in this matter, as well as because Defendant had already agreed to produce the employee files as supplemental disclosures, with the only debate being whether or not portions of it would be redacted.*

(Doc. No. 99 at 6.) This is an inaccurate statement of what transpired during the hearing and appears to be an attempt to recast narrow cost concerns as broad costs concerns. When defense counsel raised cost concerns, she expressly raised them in connection with the redaction of *video footage* and disclaimed cost concerns associated with the redaction of documents. (*See* Doc. No. 100 at 127:22-128:7 ("I understand that. I guess I don't necessarily have a problem with the redaction of the documents. It's the video that would be a significant expense because we

2

need to hire a third-party contractor to do that. So that's the one caveat I guess I have or concern in terms of costs. I haven't gotten a final quote on that. We were pending the Court's ruling to see if we need to proceed with that or if we -- what the ruling was going to be. So we're willing to work with counsel on the documentation, but the video is pretty extensive.").)

Thus, to the extent the Court's prior order requires clarification, the Court hereby clarifies that Defendant was and currently is under Court order to produce all documents being withheld on the basis of HIPAA protections, with any HIPAA-protected information redacted, for now. (Doc. No. 94.)

b. **Supplementation of Rule 26a disclosures, to include any documents, trainings, policies, and/or procedures on which Defendant intends to rely for any defense or claim made in its pleadings.**

In the Joint Status Report, Defendant makes the following statement:

*Defendant's Counsel agreed to produce redacted employee files as requested by Plaintiffs on December 16, 2025, as part of supplemental disclosures. It was Defendant's Counsel's understanding that the other materials requested by Plaintiffs, that Defendant had not agreed to disclose as part of supplemental disclosures, were the subject of the Court's Discovery Order [ECF No. 94] and would not be produced until either three days following the closing of the objection window (which was understood to be fourteen days from the date of the Court's Discovery Order) or three days following the ruling of such objection. Based on the above, Defendant's Counsel seeks clarification from the Court as to its instructions on production in relation to the Defendant's objection to the Court's discovery order.*

(Doc. No. 99 at 7.) Defendant's purported understanding is incorrect. The Court *sua sponte* stayed only the portion of its order that would require Defendant to produce HIPAA protected materials. And as to those, Defendant was required to produce them in redacted form preliminarily, then unredacted after resolution of

3

any forthcoming objection. At no time did Defendant indicate the policies and trainings would fall under HIPAA protection—and indeed it is difficult to imagine how a privacy protection would attach to general policies, procedures, or trainings.

Thus, to the extent the Court's prior order requires clarification, the Court hereby clarifies that Defendant was and currently is under Court order to produce documents, trainings, policies, and/or procedures on which it intends to rely for any defense or claim made in its pleadings, and that such documents shall be produced in **unredacted form**. (Doc. No. 94 at 2.)

c. **A list of all written policies, procedures, and training materials.** The Court ordered Defendant to produce "a list of all policies and all training materials so that [Plaintiff] can determine how to appropriately frame requests in the future." (*See* Doc. No. 100 at 113:11-13.) After issuing that order, the Court moved on to discuss redactions and resolution of the forthcoming objection, but that discussion concerned the HIPAA documents, not the list of policies, procedures and training. Again—and to a greater degree for this portion of the production— it is difficult to imagine how a privacy protection would attach to a list of general policies.

2. The Court also expressly ordered Defendant to refrain from making any redactions on the basis of relevance. (*See* Doc. No. 100 at 86:25-87:5 ("So no redactions for relevance, no redactions for any of that. Again, you'll have a protective order that allows you to designate certain things with that higher designation of attorneys' eyes only to protect sensitive material. There should be no redactions for anything other than a valid privilege.").) Though it is not entirely clear from the Joint Status Report, it appears Defendant may misunderstand this order as well. Thus, the Court takes this opportunity to emphasize that **no redactions may be made on the basis of relevance.** This order applies in the context of producing preliminarily redacted HIPAA-implicated documents—and it applies throughout the remainder of the case.

At this time, the Court attributes no ill intent to Defendant or defense counsel, and instead attributes the erroneous reconstruction of the hearing to a simple misunderstanding. Defendant is

on notice, however, that repeated misunderstandings may cause the Court to revisit its initial conclusion.

The Court now turns to the motions at Doc. Nos. 97 and 101. With regard to the Protective Order Motion, the parties were directed to submit proposed language for an Attorney's Eyes Only ("AEO") designation but were unable to agree on the language. Upon review of each party's proposed AEO provision, the Court **GRANTS** the Protective Order Motion, Doc. No. 97, with amendments.

Next, Defendant moves for a two-week extension of time to provide a privilege log and affidavit to Plaintiffs. (Doc. No. 101.) The Court previously indicated that it may support an extension of this deadline to enable fulsome conferral regarding disputes about the privilege log; moreover, the motion is unopposed. (*Id.*; *see* Doc. No. 100 at 118.) As such, the Court **GRANTS** the Extension of Time Motion. (Doc. No. 101.) The deadline for Defendant to provide Plaintiff with a privilege log and affidavit is extended through January 6, 2026.

Dated this 31st of December, 2025,

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge