**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 25-cv-1552-WJM-MDB

ERIC J. KELLY, *by and through his Special Conservator on behalf of* R.K.,
M.K., and
J.M.,

Plaintiffs,

v.

CEDAR SPRINGS HOSPITAL, INC.,
*a Delaware corporation*,

Defendant.

---

**ORDER OVERRULING DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL**

---

This matter is before the Court on Defendant Cedar Springs Hospital, Inc.'s Objections to the Magistrate Judge's Order at Dkt No. 140 (the "Objection"). (ECF No. 144.) Plaintiffs R.K., by and through his Special Conservator Eric J. Kelly, M.K., and J.M. (collectively, "Plaintiffs") responded. (ECF No. 147.) Defendant did not file a reply.

For the reasons set forth below, the Objection is overruled.

## I. BACKGROUND

The Court presumes the parties' familiarity with the factual background of this case from its Order Overruling Objection and Adopting the February 13, 2026 Recommendation of United States Magistrate Judge Maritza Dominguez Braswell. (ECF No. 153.)

As relevant here, Plaintiffs filed a motion to compel ("Motion"), seeking production of documents within W.D.'s ("the Older Boy's") patient file "that contain witness statements,

reports investigating the sexual assault incident, and incidents of prior abuse by [the Older Boy] that demonstrate his dangerous nature and the facility's awareness of such," which Defendant was withholding as noted in its Privilege Log. (ECF No. 109 at 1; *see* ECF No. 109-1.) On April 14, 2026, Judge Dominguez Braswell held a hearing on the Motion. (ECF No. 140; *see* ECF No. 148.) She granted in part and denied in part the Motion. (ECF No. 140 at 1.) Judge Dominguez Braswell found that the Older Boy's patient file was subject to physician-patient privilege and thus denied the Motion in part to the extent Plaintiffs sought to compel the production of the same. (*Id.*)

But Judge Dominguez Braswell granted the Motion in part as to certain information stored in the MIDAS system, an information database that Defendant uses. (*Id.* at 2.) She found the MIDAS system is "dual purposed," meaning it "store[s] incident information, not just for the purpose of submitting it to a PSO or a quality management program, but also for the purpose of satisfying obligations to government entities, reporting on insurance claims, supporting investigations, and tracking incidents as part of Defendant's own internal policies and practices." (*Id.*) Judge Dominguez Braswell concluded that Colo. Rev. Stat. § 25-3-109 and the Patient Safety Quality Improvement Act ("PSQIA"), 42 U.S.C. § 299b-21 *et seq.*, were thus inapplicable to the MIDAS information system. (*Id.*) But she also concluded that one section of the system, the Analysis Tab, enjoys PSQIA protections, and should thus be excluded from production. (*Id.*) Thus, Judge Dominguez Braswell ordered "Defendant to produce relevant and responsive materials housed in all parts of the MIDAS system, except the Analysis Tab." (*Id.*)

Defendant only objects to that portion of Judge Dominguez Braswell's order "instruct[ing] Defendant to disclose some of the information in the MIDAS system . . . ."

(ECF No. 144 at 1.) "Defendant does not object to the remaining portions of the Order, including that [the Older Boy's] patient file and the 'Analysis Tab' of the MIDAS system are privileged and not subject to disclosure." (*Id.* at 8.)

## II. LEGAL STANDARDS

"Discovery is a nondispositive matter . . . ." *Hutchison v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). The "contrary to law" standard permits "plenary review as to matters of law," 12 *Wright & Miller's Federal Practice & Procedure* § 3069 (3d ed., Apr. 2026 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2022). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if [her] discretion is abused." *Ariza*, 167 F.R.D. at 133.

## III. ANALYSIS

Defendant argues that Judge Dominguez Braswell erred in ordering that records in the MIDAS system, with the exception of records under its Analysis Tab, be produced. It

contends that information is protected by Colorado's quality management privilege. The Court disagrees.

Under Colorado law, "any records, reports, or other information of a licensed or certified health-care facility that are part of a quality management program designed to identify, evaluate, and reduce the risk of patient or resident injury associated with care or to improve the quality of patient care shall be confidential information." Colo. Rev. Stat. § 25-3-109(3). Such "records, reports, and other information . . . shall not be subject to subpoena or discoverable or admissible as evidence in any civil or administrative proceeding." Colo. Rev. Stat. § 25-3-109(4); *see Simpson v. Cedar Springs Hospital, Inc.*, 336 P.3d 180, 183 (Colo. 2014) (discussing quality management privilege). But there are several exceptions to this prohibition:

> (a) Any civil or administrative proceeding, inspection, or investigation as otherwise provided by law by the department of public health and environment or other appropriate regulatory agency having jurisdiction for disciplinary or licensing sanctions;
>
> (b) Persons giving testimony concerning facts of which they have personal knowledge acquired independently of the quality management information program or function;
>
> (c) The availability, as provided by law or the rules of civil procedure, of factual information relating solely to the individual in interest in a civil suit by such person, next friend or legal representative. In no event shall such factual information include opinions or evaluations performed as a part of the quality management program.
>
> (d) Persons giving testimony concerning an act or omission which they have observed or in which they participated, notwithstanding any participation by them in the quality management program;
>
> (e) Persons giving testimony concerning facts they have recorded in a medical record relating solely to the individual in interest in a civil suit by such person.

Colo. Rev. Stat. § 25-3-109(4). In Colorado, the party claiming a privilege has the burden of establishing it applies. *See Hartmann v. Nordin*, 147 P.3d 43, 51 (Colo. 2006).

Here, Defendant has failed to establish that Judge Dominguez Braswell clearly erred in concluding that the quality management privilege does not protect the information in Defendant's MIDAS system. Because Defendant does not object to the portion of Judge Dominguez Braswell's order as to the Analysis Tab, which Judge Dominguez Braswell concluded enjoys PSQIA protection, the Court does not reach that issue. Instead, the Court focuses its analysis on whether the rest of the information in the MIDAS system is privileged under Colo. Rev. Stat. § 25-3-109.

Defendant argues that the MIDAS system is entirely privileged, "without regard to whether or not it is used for multiple purposes." (ECF No. 144 at 4.) Defendant specifically argues that "the [quality management] privilege only requires that the protected information be 'related to' or 'part of' a quality management program." (*Id.* at 5.) On the contrary, some of the MIDAS system is "part of" the quality management program, while the rest of the MIDAS system is not.

As Judge Dominguez Braswell pointed out, "much of the information stored in the MIDAS system is dual purposed." (ECF No. 140 at 2.) Defendant's arguments broaden the scope of the quality management privilege by positioning the entire MIDAS system as privileged information rather than whichever portions of it are part of its quality management program. Judge Dominguez Braswell found that the PSQIA and the quality management privilege are "inapplicable to *much* of the information in MIDAS." (*Id.* (emphasis added).) It follows then, that much of that information is not "part of a quality management program" and thus cannot be covered by the quality management privilege.

Moreover, Defendant does not explain how using the MIDAS system "for the purpose of satisfying obligations to government entities, reporting on insurance claims, supporting investigations, and tracking incidents as part of Defendant's own internal policies and practices" should be protected by the quality management privilege. (*Id.*) Such information is not "part of a quality management program *designed to identify, evaluate, and reduce the risk of patient or resident injury associated with care or to improve the quality of patient care*," so such portions of the MIDAS system do not fall under the quality management privilege. Colo. Rev. Stat. § 25-3-109(3) (emphasis added). Thus, Judge Dominguez Braswell correctly ordered the production of that information.

Defendant also takes issue with Judge Dominguez Braswell drawing from a prior case, *Estate of Cannett v. Wellpath, LLC*, No. 23-cv-1211-DDD-MDB (ECF No. 125), where she conducted a thorough analysis distinguishing between single purpose and dual-purpose systems under the PSQIA. What is at issue in the Objection concerns the quality management privilege, and not the PSQIA. Indeed, Defendant notes that *Estate of Cannett* "was constrained only to the PSQIA, and did not analyze [Colo. Rev. Stat.] § 25-3-109 or related caselaw." (ECF No. 144 at 3 n.1.) Because Defendant does not assert that the information in the MIDAS system should receive PSQIA protection, the Court need not consider *Estate of Cannett* to rule on the Objection.

Judge Dominguez Braswell noted that the quality management privilege includes several exceptions, "some of which apply here." (ECF No. 140 at 2 n.1.) Judge Dominguez Braswell did not specify which exceptions apply. (*See* ECF No. 144 at 5.) Defendant contends that none of the statutory exceptions apply. (ECF No. 144 at 5–6.)

But having concluded that the quality management privilege is inapplicable in the first instance, it necessarily follows that the Court need not determine which of the exceptions listed under Colo. Rev. Stat. § 25-3-109(4) apply.

The Court finds and concludes Defendant has failed to show that Judge Dominguez Braswell erred, let alone clearly erred, in granting in part and denying in part the Motion. Therefore, the Court will overrule the Objection.

## IV. CONCLUSION

For all these reasons, the Court ORDERS as follows:

1. Defendant's Objection (ECF No. 144) is OVERRULED;

2. As set forth in the Scheduling Order entered by Judge Dominguez Braswell (ECF No. 154), the parties' Joint Status Report remains due on **September 10, 2026**.

Dated this 9th day of September, 2026.

BY THE COURT:

William J. Martínez
Senior United States District Judge